A. DAVIDSON v. W. S. IKARD ET AL.

No. 40.

**1. Motion for Leave to File Transcript—Practice.**

Where counter-affidavits were filed resisting grounds excusing the delay in filing a transcript, it will be presumed that the Court of Civil Appeals considered such affidavits before refusing the motion for leave to file; and the action of that court upon such conflicting testimony will not be revised on writ of error..................... 68

**2. Filing Application for Writ of Error Pending Motion to Affirm.**

The motion to affirm could not be defeated by application for writ of error in the District Court pending the motion and after the failure to perfect his appeal.......................................... 68

ERROR to Court of Civil Appeals for Third District, in appeal from the District Court of Clay County.

Davidson perfected an appeal from a judgment against him in the District Court. After the time prescribed by law within which the transcript should have been filed, and on February 4, 1893, he filed a motion in the Court of Civil Appeals, asking leave to file the transcript. Accompanying the motion was an affidavit accounting for the delay.

This was overruled February 22, 1893.

March 1 the appellees filed motion to affirm on certificate. March 8, 1893, Davidson filed answer, resisting the motion to affirm, exhibiting evidence that on March 6, 1893, he had filed petition for writ of error, and bond, which had been approved. The judgment below was affirmed on certificate. The facts alleged in excuse of the delay in filing the transcript were controverted by counter-affidavits.

The action of the Court of Civil Appeals in refusing leave to file the transcript and in affirming the certificate was complained of in application for writ of error.

STAYTON, CHIEF JUSTICE. — Plaintiff in error perfected an appeal from a judgment rendered against him, but failed to file transcript in Court of Civil Appeals within time. prescribed by statute, and on application, supported by affidavit showing good reason why the transcript was not filed in proper time, the court overruled the motion to file.

Appellees then asked affirmance of the judgment on certificate, which was objected to by plaintiff in error, on the ground that he had sued out a writ error after his application to file transcript under his appeal was overruled, but the Court of Civil Appeals affirmed the judgment on certificate.

The application for writ of error was accompanied by a transcript of the application to file the transcript, a part of which was an affidavit filed for appellant showing facts that would excuse the failure to file the transcript in proper time, but it did not contain the affidavits controverting the facts contained in that affidavit.

The latter have been brought up by certiorari, and are in direct conflict with the affidavit showing excuse for failure to file the transcript in proper time.

The affidavits filed by the respective parties must be presumed to have been considered and passed upon by the Court of Civil Appeals, and thereupon that court would have been fully authorized to find that the facts set up as an excuse for not filing the transcript in proper time had no existence.

We must presume that such was the finding, and in that event the affirmance on certificate was correct, for appellant could not defeat the right to that by suing out a writ of error after he had failed to prosecute his appeal. Perez v. Garza, 52 Texas, 571; Thompson v. Anderson, 82 Texas, 238.

The judgment of the Court of Civil Appeals will be affirmed.

*Affirmed.*

Delivered October 12, 1893.