### MARGARET E. WELSH ET AL. v. V. WEISS.

#### Decided October 12, 1905.

**Appeal—Affirmance on Certificate—Delay in Filing Transcript—Writ of Error.**

Where appellee, because of appellant's failure to file the transcript in time, was entitled to an affirmance on certificate under article 1016, Revised Statutes, the right to such affirmance could not be denied because appellant had sued out a writ of error on the judgment after such default in filing, although the default was not due to bad faith or for the purpose of delay, and the writ of error was perfected before the motion for affirmance on certificate was made at the appeal term.

Appeal and writ of error from the District Court of Jefferson. Tried below before Hon. A. T. Watts.

*Hardy & Hardy, Jno. F. Weeks* and *Jas. H. Rachford,* for appellants and plaintiffs in error.

*Greers, Nall & Neblett,* for appellees and defendants in error.

GILL, CHIEF JUSTICE.—On motion to dismiss writ of error and motion for rehearing in the matter of our refusal to affirm on certificate.

On the 12th day of July, 1904, in a suit between the appellants as plaintiffs and appellee as defendant a judgment was rendered in the trial court that plaintiffs take nothing by their suit and pay the costs. Plaintiffs gave notice of appeal and duly perfected the appeal by filing an appeal bond within the time prescribed by law, but the record was not filed in this court within the ninety days allowed by law for the filing thereof. On the 19th day of November, 1904, plaintiffs by their attorneys filed in this court a motion for leave to file the transcript after the ninety days, setting up facts alleged to be sufficient to excuse the delay. This motion was overruled, but no written opinion was filed.

As a matter of fact the failure to file the transcript in time was not due to bad faith or any purpose to delay the enforcement of the judg-

ment or the final determination of the case, but the excuses given therefor were not, however, in our opinion, sufficient. That motion was finally disposed of at the last term, and has passed beyond the control of this court. The final order therein was entered December 21, 1904. The plaintiffs thereupon perfected a writ of error to this court and filed the transcript herein on May 6, 1905, and the cause was duly placed upon the docket of this court. On May 19, 1905, the appellee in due form asked for affirmance of the judgment on certificate. Our attention was not called to the fact that the cause was pending here on writ of error, and the prayer for affirmance on certificate was granted.

The appellees also filed a motion to dismiss the writ of error, alleging the right to affirmance on certificate and that that right had been accorded them. The appellants promptly filed a motion for rehearing in the matter of the affirmance on certificate, and also resisted the motion to dismiss the writ of error. They prayed that the motion to dismiss and the certificate be consolidated and considered together, and urged that as they were guilty of no bad faith in substituting their writ of error for their forfeited appeal, and as they had prosecuted their writ to the same term of this court to which the appeal was returnable and before appellees had asked for affirmance on certificate, their right to have the cause determined on writ of error was paramount. We followed this view, and at a later day during the same term granted the motion for rehearing in the matter of affirmance on certificate, refused the requested affirmance and overruled the motion to dismiss the writ of error. Shortly thereafter, and at a date too near the close of the term for further action in the matter, the court upon their own motion set aside each of the orders last above named and suggested to counsel that if they so desired they might file further argument and authority. The matter was then passed over to this term under the general order of the court made at the adjournment of the term, passing all pending business to the following term.

Counsel for each side have filed additional argument, and we have given the matter a careful reconsideration. In as much as our views have not heretofore been embodied in writing in this cause, we deem it not amiss to set down briefly the reasons which controlled us in recalling our order of affirmance and refusing to dismiss the writ of error, as well as the views we now hold in regard to the questions involved.

The article of the Revised Statutes conferring the right to affirmance on certificate and prescribing the method for the exercise of the right is as follows: "Article 1016. In case the appellant or plaintiff in error shall fail to file a transcript of the record as directed in this chapter, then it shall be lawful for the appellee or defendant in error to file with the clerk of said court a certificate of the clerk of the District or County Court in which any such appeal or writ of error may have been taken . . . stating the time when such appeal was perfected or such citation served; whereupon it shall be the duty of the Courts of Civil Appeals to affirm the judgment of the court below, unless good cause can be shown why such transcript was not filed. If a copy of the (appeal) bond accompanies such certificate of the clerk, the

judgment shall in like manner be affirmed against the sureties on said bond."

It seem to be held or conceded by all the authorities bearing upon the question that the statute was designed to prevent the use of writ of error in such cases for the purpose of delaying the execution of judgments of the lower court. That this would not be possible in a case where the plaintiff had merely failed to recover a judgment in the court below, is not only apparent, but in all the authorities to which we have been cited upon the point and in all except one to which we have had access, the question arose on appeal from judgments the execution of which had been arrested by supersedeas bond.

In Thompson v. Anderson, 82 Texas, 237, plaintiff perfected an appeal by the execution of a cost bond only. The appeal was abandoned and writ of error was perfected to a subsequent term, supported by a cost bond only. There was no effort to secure an affirmance on certificate at the term to which the appeal was returnable. In disposing of the motion to dismiss the writ on the ground that a perfected appeal had been abandoned, Judge Stayton noted the fact that in the absence of a supersedeas bond the execution of the judgment was in no way arrested, and the appellee was in the same position in that respect as if no appeal had been perfected. It was incidentally held, however, that had an affirmance on certificate been applied for in time, he would have been entitled to the affirmance.

In Perez v. Garza, 52 Texas, 571, it is held that an appellant can not defeat the right to affirmance on certificate by prosecuting a writ of error to the same term, but in that case there was a supersedeas bond, and one of the controlling reasons given for the holding was that the execution of the judgment was thereby obstructed and the appellant enabled to bring about a delay to which he was not entitled and which the statute was designed to prevent.

In Anderson v. Waco State Bank, 47 S. W. Rep., 552, the Court of Civil Appeals sitting at Austin permitted the prosecution of a writ of error after appeal abandoned, and declined to affirm on certificate. The court based its decision upon the ground that the writ was promptly filed in good faith and that the failure to file the record on appeal on time was not due to the negligence of appellant. (This last reason would have justified the filing of the appeal record after the ninety days under article 1017 of the Revised Statutes, but not the writ of error.) The record on writ of error was filed in the Appellate Court after the application for affirmance on certificate. The court seemed to have been controlled by the reason that no delay would result and that the equities were in favor of appellants.

In Insurance Company v. Clancy, 91 Texas, 467, a supersedeas bond had been filed and the certified question was predicated partly upon that fact. Chief Justice Gaines, in disposing of that question, emphasizes the fact that the appellee would be delayed in the execution of his judgment by reason of the supersedeas bond, and quotes with approval the language in Perez v. Garza upon the point.

In view of these authorities, and because the delay which the statute was designed to prevent was not present in this case and there was no bad faith, and because further the writ of error had been perfected,

docketed and. had an established standing in. this court before the application for affirmance was filed, we were of opinion there was room for the distinction we have suggested, and that the language of the statute ought not to be technically applied.

In view however of the case of Davidson v. Ikard, 23 S. W. Rep., 379 (which was an appeal from a judgment against the plaintiff in trespass to try title), and in view of the language of Judge Gaines in summing up the views of the Supreme Court in Clancy's case, *supra,* we have concluded the question is not an open one and that we have no discretion in the matter, but must apply the absolute terms of article 1016 to all appellants, whatever the character of the judgment from which the appeal is taken.

The motion of appellants to set aside the affirmance on certificate is overruled and the motion to dismiss the writ of error is granted.

Affirmed by Supreme Court on certified question.  See 99 Texas, 356.