### PITTS v. KANE.

(Court of Civil Appeals of Texas. El Paso. Nov. 13, 1912.)

APPEAL AND ERROR (§ 621*) — FILING OF TRANSCRIPT—TIME.

A transcript upon writ of error cannot be filed after the filing of a motion to affirm on certificate; the appeal having been perfected upon the filing of an appeal bond.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2724–2731; Dec. Dig. § 621.*]

Appeal from Presidio County Court; W. W. Bogel, Judge.

Action by J. D. Kane against J. A. Pitts, in which the defendant appealed from an adverse judgment. On motion to affirm on certificate. Motion granted, and judgment affirmed.

Hays & Miller, of Marfa, for appellant. P. H. Clarke, of Marfa, for appellee.

HARPER, C. J. This case was brought by J. D. Kane in the county court of Presidio county against J. A. Pitts, upon written contract for certain moneys, which the record shows to be within the jurisdiction of the trial court. And the record also shows that the trial court had jurisdiction of the parties to the suit.

Judgment was rendered by the trial court, without jury, for the plaintiff, after which the defendant, J. A. Pitts, appealed by giving notice in open court, and by filing, on May 28, 1912, an appeal bond in compliance, in form and substance, with article 2097, Revised Civil Statutes of 1911; but the transcript was presented too late to be filed under the

rule prescribed by article 1608, Revised Civil Statutes of 1911—that. is, the transcript prepared by the clerk of the· trial court, and the certificate accompanying the motion to affirm, show that the judgment was rendered May 11, 1912; that on May 28, 1912,. the appeal bond was filed .in the lower court; and that on the 27th day of August, 1912, the transcript was delivered to the clerk of this court, and this court refused to file same because not having been presented within the time· (90·days) prescribed by law (Revised Civil Statutes 1911, art. 1608; Rio Grande & E. P. Ry. Co. v. Mendoza, 66 S. W. 578; Welsh v. Weiss, 40 Tex. Civ. App. 257, 90 S. W. 160; Wandelohr v. Grayson County Nat. Bank, 90 S. W. 180) ; that thereafter, on the 9th day of October, 1912, the defendant. in error filed a motion to affirm on certificate thereto attached, regardless of the merits (authorities above cited), which motion is sustained, and the judgment of the lower court is in all things affirmed as to appellant and the sureties on the. appeal bond.

Subsequent to filing of motion to affirm on certificate, appellant presented to the court transcript upon writ of error, and asked that same be filed. This comes too late, because the appeal was perfected to this court upon filing of the appeal bond.