GOLDING v. CULL.

(Court of Civil Appeals of Texas. Austin.
June 18, 1913.)

APPEAL AND ERROR (§ 627*) — FAILURE TO FILE TRANSCRIPT—EFFECT.

Where a party perfecting an appeal from an adverse judgment fails to file the transcript within the time allowed by law, the adverse party has the absolute right by timely motion to have the judgment affirmed on certificate and that right cannot be defeated by the prosecution of a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2744–2749, 3126; Dec. Dig. § 627.*]

Error to McLennan County Court; Tom L. McCullough, Judge.

Action between M. Golding and Flossie Cull. There was a judgment for the latter, and the former brings error. Dismissed.

Williams & Williams, of Waco, for plaintiff in error. Dickens & Dickens, of Austin, Hamilton & Kibler, of Waco, and J. P. Richardson, of Austin, for defendant in error.

KEY, C. J. This case has reached this court by two routes. On April 28, 1913, M. Golding, as plaintiff in error, filed a transcript which was filed within the time required by law. On May 24, 1913, defendant in error filed a motion to affirm on certificate, accompanied by a transcript which shows that Golding gave notice of appeal, filed an appeal bond, and thereby perfected his appeal; but no transcript was filed in this court within the time required by law in order to prosecute the appeal, and thereafter,

and without furnishing any excuse for not prosecuting the appeal, Golding sued out a writ of error.

Flossie Cull, the appellee or defendant in error, has filed a motion to dismiss the writ of error, and reiterates her request that the judgment be affirmed on certificate, and upon the authority of Welsh v. Weiss, 40 Tex. Civ. App. 257, 90 S. W. 160, Wandelohr v. Bank, 90 S. W. 180, and Chambers v. Grisham, 155 S. W. 959, that motion is sustained. The cases cited establish the proposition that when a dissatisfied litigant has perfected an appeal, and has failed to file the transcript within the time allowed by law, it is the absolute right of the opposite party, by timely motion, to have the judgment affirmed upon certificate, and that that right cannot be defeated by the prosecution of a writ of error.