RAINES v. WESTERN UNION TELEGRAPH CO. (No. 1026.)

(Court of Civil Appeals of Texas. Amarillo. May 10, 1916.)

Appeal and Error ☞627(3)—Affirmance on Certificate — Dismissal of Second Record—Statute.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1611, touching proceedings in the Courts of Civil Appeals after affirmance of a judgment on certificate, where plaintiff in error, upon new citation and writ of error bond, preceded the defendant in error one day, in filing the new record, before the motion to affirm on certificate, accompanied by defendant in error's record, but did not present any reason why the statutory right of affirmance on certificate should be denied, nor why, after the original citation in error was served and bond filed, the record was not presented in due time, and without any reason presented, against motion to dismiss, why the previous affirmance on certificate should be set aside, and without presenting any excuse for the previous delay upon the old record, defendant in error's motion to dismiss, for identity of the record with that affirmed on certificate, will be granted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2744–2747, 2749; Dec. Dig. ☞627(3).]

Error from District Court, Sherman County; D. B. Hill, Judge.

Action by Mrs. A. J. Raines against the Western Union Telegraph Company. To review judgment for plaintiff, she brings error. On motion to dismiss. Cause ordered dismissed.

Tatum & Tatum and Clifford Braly, all of Dalhart, for plaintiff in error. Jno. W. Veale, of Amarillo, for defendant in error.

HENDRICKS, J. The motion of the defendant in error to dismiss the petition in error in this case presents this condition of the record: The plaintiff in error Raines recovered a judgment against the defendant in error, for the sum of $1, with costs. Citation in error was issued and served, and writ of error bond properly filed, at which time, of course, the jurisdiction of this court attached. Plaintiff in error did not present, and have filed, the record in this court within the time prescribed by the statute, and the defendant in error presented a motion to affirm on certificate, which was not resisted, and which was promptly granted by this court. The motion to affirm was presented in cause No. 1027, on the docket of this court. In the cause in the district court, plaintiff in error caused) the issuance and service of another citation in error, and filed another bond for writ of error, subsequent to the proceedings mentioned, and caused to be filed in this

court another record, identical, however, with the previous record (except that it contains assignments) as presented by the defendant in error on his motion to affirm, which second record was filed in this court one day previous to the filing of the first record, accompanying defendant's motion to affirm, and is docketed as No. 1026. In this latter cause, 1026, the defendant in error submits a motion, alleging the identity of the two records, and calling the attention of this court to the affirmance on certificate, previously ordered by this court, and no resistance is made by the plaintiff in error to said motion to dismiss. Article 1611, Vernon's Sayles' Civil Statutes, provides that in cases where the Courts of Civil Appeals shall have affirmed a judgment on certificate, said courts may, at any time within 15 days after such affirmance, permit the transcript to be filed by the appellant or plaintiff in error, and the case to be tried on its merits—

"provided that appellant or plaintiff in error shall show to the court good cause why the transcript was not filed by him in accordance with the provisions of art. 1608, and shall also show to said court that he has given the appellee or defendant in error notice of his intentions to apply for such permission to file said transcript," etc.

Literally, of course, the statute does not embrace the actual condition presented; however, in its spirit, it presents a rule applicable to the condition here. Plaintiff in error, it is true, upon his new citation and writ of error bond, beat the defendant in error one day in filing the new record before the motion to affirm on certificate, accompanied by defendant in error's record; but, without any presentation whatever to this court, of any reason why the statutory right of affirmance on certificate should have been denied, nor why, after the original citation in error was served, and writ of error bond was filed, the record was not presented in this court in due time, and without any reason presented against this present motion to dismiss why the previous affirmance on certificate should be set aside, and without presenting any excuse for the previous delay upon the old record.

The case of Hurley v. Lester, 32 S. W. 555, in its essentials, as to the condition presented, is identical, except the procedure is different, and it was concluded that the showing of diligence was wholly insufficient, and that a judgment on the first writ of error bond could not be prevented by suing out a second writ and entering a transcript thereunder.

The Supreme Court cases (Scottish Union Ins. Co. v. Clancey, 91 Tex. 467, 44 S. W. 483, Perez v. Garza, 52 Tex. 571, and Davidson v. Ikard, 86 Tex. 68, 23 S. W. 379) are very persuasive in favor of our conclusion on this motion, if not decisive.

The motion to dismiss in cause No. 1026 is granted, and the cause ordered dismissed.