## FERGUSON v. FERGUSON et al.
### No. 1362.

Court of Civil Appeals of Texas. Eastland.
July 13, 1934.

Rehearing Denied Oct. 19, 1934.

See, also, 66 S.W.(2d) 755; 69 S.W.(2d) 592.

Le Roy Paddock and J. C. Anderson, both of Howe, for appellant.

F. M. Robertson, of Haskell, E. V. Hardwick, of Stamford, and Davis & Davis and W. H. Murchison, Jr., all of Haskell, for appellees.

PER CURIAM.

At a former day of this term, we overruled the motion of appellee Joe Lee Ferguson to affirm this case on certificate. The record presented in support of the motion failed to disclose that an appeal had been perfected to this court. A. M. Ferguson, individually, gave notice of appeal, but did not file an appeal bond within the time provided by law, and later abandoned his appeal and prosecuted a writ of error. There was no showing in the record at that time that A. M. Ferguson as temporary administrator, who, under the statute, was not required to give bond on appeal, had given any notice of appeal from the judgment of the trial court. We now have for consideration a renewed motion for affirmance. Accompanying this motion is a certified copy of a motion made by A. M. Ferguson, as temporary administrator of the estate of Kate F. Morton, deceased, and individually, to correct the judgment of the court below by reciting therein that he, as temporary administrator, within two days after the rendition of the judgment below, excepted thereto and gave notice of appeal in open court. This motion was granted on May 14, 1934, the order of the trial judge granting same, reading as follows: "The above motion is in all things granted and the clerk of this court will correct said judgment to read as above requested, which correction speaks the true facts. (Signed) A. S. Mauzey, Judge Presiding." The theory of the renewed motion is that the record now discloses that A. M. Ferguson in his representative capacity as temporary administrator perfected his appeal to this court by the giving of notice of appeal, no bond being required of him as administrator; that he has failed to file a transcript of the record in this court within the time prescribed by law, but is undertaking to bring this cause here by writ of error; wherefore we are now requested to affirm the case on certificate as to him in his representative capacity. The same reason for refusing to affirm the case on certificate as against A. M. Ferguson, individually, which existed at the time we passed on the original motion, still exists, and the case cannot be affirmed on

certificate in so far as he, as an individual, is a party.

■ Considering the question of the right to an affirmance as against A. M. Ferguson in his representative capacity, the right of appellee to have same affirmed appears to be clear. Articles 1841 and 1842, R. S. 1925, provide that a motion to affirm on certificate may be denied on the ground that the appellant shows a good cause why the transcript was not filed in time. It has accordingly been many times held that a showing of good cause by an appellant in reply to a motion for affirmance on certificate would bar appellee's right thereto. Farmers' State Bank of Mineola v. Mincher (Tex. Civ. App.) 267 S. W. 996; Hawkeye Securities Ins. Co. v. Cashion (Tex. Civ. App.) 293 S. W. 664; Harding v. City of Raymondville (Tex. Com. App.) 58 S. W.(2d) 55.

Since these decisions were rendered, article 1839, R. S. 1925, has been twice amended. See Acts 1931, 42d Leg., chap. 66, § 1, p. 100; Acts 1933, 43d Leg., p. 142, chap. 67 (Vernon's Ann. Civ. St. art. 1839). By that article, as amended, this court is denied the power to permit the filing of a statement of facts out of time unless a motion is filed within 75 days from the judgment, or order overruling a motion for a new trial. In the instant case appellant, in reply to the renewed motion to affirm on certificate, shows good cause for not filing the transcript within the time provided by statute, and the question presented to us is one of our authority to give any effect to the showing of good cause, and on that ground deny the motion to affirm on certificate. Our question is answered by an opinion adopted by the Supreme Court in answer to certified questions in the case of Red v. Bounds, 122 Tex. 614, 63 S.W. (2d) 544. It was there held that the amendment to article 1839 repealed those provisions of article 1841 and article 1842 which constituted an exception to the right to an affirmance on certificate. As we interpret the opinion in that case, when an appellee makes a showing that the appellant has perfected his appeal in accordance with the law, and that he has failed to file a transcript of the record in this court within the statutory time, and has not filed his motion within 75 days for an extension of time within which to file his record, the right to an affirmance on certificate is absolute. At the time the opinion in Red v. Bounds was rendered, the motion for extension of time was required to be made within 60 days. Since that time, by the last amendment above referred to, that time has been extended to 75 days, but such extension in no wise affects the question presented in this case. The same reasoning employed in that case as applicable to the 60-day period now applies with reference to the 75-day period. Appellant did not file a motion within that period for extension of time, and we cannot therefore now consider or give effect to his showing of good cause.

The order of this court heretofore entered at this term denying the application to affirm on certificate is set aside, and in lieu thereof an order will be entered affirming the case on certificate as against A. M. Ferguson, as temporary administrator of the estate of Kate F. Morton, deceased, and denying said motion as against A. M. Ferguson, individually.