THOMAS H. JARRELL ET AL. v. FARMERS' & MERCHANTS'
STATE BOND BANK OF POTH, TEXAS.

No. 6661.   Decided November 25, 1936.
(99 S. W., 2d Series, 281.)

*Henry, Bickett & Bickett,* of San Antonio, for plaintiffs in error.

*Hull & Oliver,* of San Antonio, for defendant in error.

MR. JUSTICE CRITZ delivered the opinion of the court.

This cause was originally assigned to Section "A" of the Commission, where it was submitted, and an opinion was written by Judge German. It was later withdrawn and submitted directly to the Supreme Court. We have concluded that the opinion written by Judge German is correct, and such opinion is therefore adopted by us. It is as follows:

"On December 3, 1932, judgment was rendered in the District Court of Wilson County in favor of defendant in error, Farmers' & Merchants' State Bond Bank of Poth, Texas, again plaintiffs in error, Thomas H. Jarrell and others. Notice of appeal was given, and on December 23, 1932, cost bond for appeal was filed. The transcript was not filed in the Court of Civil Appeals within the statutory time. Thereupon plaintiffs in error abandoned the proceeding thus begun, and perfected their appeal by writ of error, filing appropriate bond, serving citation, and filing transcript in the Court of Civil Appeals. This appeal was perfected February 13, 1933, and during the term to which the appeal, if originally perfected, was returnable. Appellants made no effort to show good cause for failing to file transcript within the time allowed by law. Thereafter, on March 29, 1933, defendant in error filed a motion to affirm on certificate, and a motion to dismiss the writ of error. The Court of Civil Appeals sustained these motions, affirming the judgment of the trial court on certificate, and dismissing the writ of error. 63 S. W. (2d) 325. Writ of error was granted on alleged conflicts of decision.

"While there is some apparent confusion in the opinions, yet it is settled by a long line of decisions by the Supreme Court and the Courts of Civil Appeals that where an appeal is taken by giving notice and filing an appeal bond, and transcript is

not filed in the Court of Civil Appeals within the statutory time, the right of the appellee to have the case affirmed on certificate is absolute, if motion to affirm is filed during the term to which the appeal was returnable, notwithstanding the appellant has abandoned the appeal by filing petition for writ of error and writ of error bond, and has filed transcript in the Court of Civil Appeals before the filing of the motion to affirm on certificate. Davidson v. Ikard, 86 Texas, 67, 23 S. W., 379; Barber v. Sabine & E. T. Ry. Co., 9 Texas Civ. App., 93, 28 S. W., 270 (writ refused); Blackman v. Harry, 45 S. W., 610 (writ refused); San Antonio & A. P. Ry. Co. v. Ray, 19 Texas Civ. App., 416, 47 S. W., 477; City of San Antonio v. Smith, 27 Texas Civ. App., 327, 65 S. W., 41 (writ refused); Filhol v. Leon & H. Blum Land Co., 19 Texas Civ. App., 688, 49 S. W., 669 (writ refused); Erwin v. Erwin, 70 S. W., 102; Wandelohr v. Grayson Co. Natl. Bank, 90 S. W., 180 (writ refused); Golding v. Cull, 158 S. W., 1152; Templeman v. Maas, 286 S. W., 543; Jewell v. Albrecht, 297 S. W., 506; Young's Bus Lines v. Giles, 32 S. W. (2d) 879; Mid-Continent Life Insurance Co. v. White, 54 S. W. (2d) 239 (writ refused); Cardwell v. Bell, 59 S. W. (2d) 419; Ferguson v. Ferguson, 75 S. W. (2d) 275 (writ refused).

"In rare cases the motion to affirm need not be filed during the term to which the writ of error is returnable. Walker v. Lyle, 45 S. W. (2d) 315, affirmed in 124 Texas, 38, 72 S. W. (2d) 1113.

"One conflict alleged is that of the case of Reef v. Hamblen, 47 S. W. (2d) 375. In that case there was no request to affirm on certificate, but only motion to dismiss the writ of error, which motion was filed sometime after the appeal by writ of error was perfected. Manifestly, there could be no conflict in decision between that case and those above mentioned.

"Another conflict alleged is that of the case of Rowland v. Skiles, 61 S. W. (2d) 1016, by the Court of Civil Appeals at Dallas. The decision in that case is in conflict with the decidecisions above enumerated. However, it is based on the prior decision of Reef v. Hamblen, supra, by the same court, which is not authority, and on the case of Harding v. City of Raymondville, 58 S. W. (2d) 55, by the Commission of Appeals. The real question decided in the case of Harding v. City of Raymondville was that the Court of Civil Appeals rightfully decided to allow the filing of the transcript after expiration of the statutory time for good cause shown, and, as this was done,

it was proper to disallow the affirmance on certificate. This is evident from the statement that the precise quesion determined was decided by Chief Justice Hickman of the Court of Civil Appeals in the case of Hawkeye Securities Insurance Company v. Cashion, 293 S. W., 664. In that case Justice Hickman emphatically reiterated the holding that on failure to file the transcript within the statutory time, the right of appellee to affirm on certificate became absolute. However, it was ruled that good cause was shown for failure to file the transcript within the time allowed by law, and for that reason the motion to affirm on certificate was overruled.

"It should be observed, however, that in the case of Red v. Bounds, 122 Texas, 614, 63 S. W. (2d) 544, in an opinion adopted by the Supreme Court it was held that under the Act of 1931, a motion to show good cause for failure to file transcript must be filed within the sixty days allowed by the statute, and that upon failure to do so and failure to file the transcript within the sixty days the right of appellee to affirm on certificate becomes absolute, notwithstanding there may have been good cause for not filing the transcript.

"In 1933 the Legislature again amended the law, but that Act has no application here. See Ferguson v. Ferguson, supra.

"The judgment of the Court of Civil Appeals is affirmed.

S. H. German,<br>Commissioner."

While the above opinion is complete within itself, it is deemed advisable to indulge in some further discussion of the questions of law here involved. Before doing so, however, we deem it expedient to quote Articles 1839, 1841, and 1842 as contained in the Revised Civil Statutes of Texas, 1925. Also, we deem it advisable to quote Article 1839 as amended by Acts 1931, 42nd Legislature, p. 100, and as again amended by Acts 1933, 43rd Legislature, p. 142.

"*Art. 1839. Time to file transcript.* In appeal or writ of error, the appellant or plaintiff in error shall file the transcript with the clerk of the Court of Civil Appeals within ninety days from the perfection of the appeal or service of the writ of error; provided, that for good cause, the court may permit the transcript to be thereafter filed upon such terms as it may prescribe."

"*Art. 1841. Certificate of affirmance.* If the appellant or plaintiff in error shall fail to file a transcript of the record, as directed in this chapter, then the appellee or defendant in error may file with the clerk of said court a certificate of the clerk

of the district or county court in which such appeal or writ of error may have been taken, attested by the seal of his court, stating the time when and how such appeal was perfected or such citation was served; whereupon the Court of Civil Appeals shall affirm the judgment of the Court below, unless good cause can be shown why such transcript was not so filed. If a copy of the bond accompanies such certificate of the district or county clerk, the judgment shall, in like manner, be affirmed against the sureties on such bond."

"*Art. 1842. Cause heard after affirmance on certificate.* In all cases where a Court of Civil Appeals has affirmed the judgment, under the provisions of the preceding article, said court may, at any time within fifteen days after such affirmance, permit the transcript to be filed by the appellant or plaintiff in error, and the case to be tried on its merits; provided appellant or plaintiff in error shall show to the court good cause why the transcript was not filed by him as provided in this chapter, and shall also show to said court that he has given the appellee or defendant in error notice of his intention to apply for such permission to file said transcript."

"*Article 1839* (as amended, 1931, 42nd Leg., p. 100). In appeal or Writ of Error the appellant or plaintiff in error shall file the transcript with the Clerk of the Court of Civil Appeals within sixty days from the final Judgment or Order overruling motion for new trial, or perfection of the Writ of Error; provided, that for good cause shown before the expiration of such sixty day period, the Court shall permit the transcript to be thereafter filed upon such terms as it shall prescribe.

"Sec. 2. All laws and parts of laws in conflict herewith be and the same are hereby repealed."

"*Art. 1839* (as amended, 1933, 43rd Leg., p. 142). *Time to file transcript.* In appeal or Writ of Error the Appellant or plaintiff in error shall file the transcript with the Clerk of the Court of Civil Appeals within sixty days from the final judgment or order overruling motion for new trial, or service of the writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days, after the expiration of such sixty day period, showing good cause to have existed within such sixty day period, why said transcript could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe."

From the statement contained in Judge German's opinion it will be noted that the events governing this appeal transpired

while Article 1839, as amended by the Act of 1931, was in effect. It must follow from this that the Court of Civil Appeals committed no error in sustaining the bank's motions to affirm on certificate and to dismiss the Wiseman and Jarrell petition for writ of error. Harding v. City of Raymondville (Com. App.), 58 S. W. (2d) 55; Red v. Bounds, 122 Texas, 614, 63 S. W. (2d) 544; Ferguson v. Ferguson (Civ. App. writ refused), 75 S. W. (2d) 275.

A reading of the opinion in the Harding Case, supra, will demonstrate that the events governing that appeal transpired while Article 1839, R. C. S., 1925, unamended, was in effect. In that opinion Section "A" of the Commission, speaking through Judge Sharp, therefore very correctly held that the right to an affirmance on certificate could be defeated by showing good cause for not filing the transcript within the ninety days provided by Article 1839, unamended. It will here be noted that under the terms of that Article, as it then existed, the good cause could be shown after the ninety days had expired.

The case of Red v. Bounds, supra, came before the Supreme Court on certified questions from the Court of Civil Appeals at Waco. The opinion, which was adopted by this Court, was written by Judge Leddy of Section "B" of the Commission. The events governing that case transpired while Article 1839, as amended by the Act of 1931, was in effect. The opinion construes such Article, as so amended, and holds that after the expiration of the sixty days allowed thereby for filing transcript with the Court of Civil Appeals, no motion having been made during such sixty days asking for an extension of time, that Court was without authority to order the same filed, and that although the plaintiff may have shown good cause for the delay. The opinion then goes further and holds that the 1931 amendment of Article 1839 had effect to repeal those portions of Article 1841 and 1842, supra, which allowed the transcript to be filed upon showing good cause after the expiration of the sixty day period. We here quote from the opinion in the case under discussion as follows:

"That portion of Articles 1841 and 1842 permitting the filing of the transcript within fifteen days after the expiration of the sixty day period are squarely in conflict with amended Article 1839. It was manifestly the purpose of the amendment to the statute in question to deal exclusively with the subject of the time in which the transcript should be filed in the Court of Civil Appeals and to limit the authority of the Court of

Civil Appeals so as to prevent its extending the time for filing the transcript in that court unless application for the extension should be made within the sixty day period. If the provisions of Articles 1841 and 1842 are allowed to continue in effect, then the Court of Civil Appeals may, contrary to the provisions of the amended Article, extend the time for filing the transcript although good cause is not shown until after the expiration of the sixty day period.

"Inasmuch as the provision of the amendment to Article 1839 was intended to be exclusive as to the period in which the transcript should be filed in the Court of Civil Appeals, the provision of Articles 1841 and 1842 which allows the transcript to be filed upon showing of good cause after the expiration of the sixty day period are in conflict with the amendment to Article 1839; hence they must be held to have been repealed."

The opinion in Ferguson v. Ferguson is by the Eastland Court of Civil Appeals. It very clearly states the law governing this case, and also very clearly and correctly interprets the several statutes above quoted and discussed. We deem it advisable to here quote and adopt the following from the Ferguson opinion:

"Considering the question of the right to an affirmance as against A. M. Ferguson in his representative capacity, the right of appellee to have same affirmed appears to be clear. Articles 1841 and 1842, R. S., 1925, provide that a motion to affirm on certificate may be denied on the ground that the appellant shows a good cause why the transcript was not filed in time. It has accordingly been many times held that a showing of good cause by an appellant in reply to a motion for affirmance on certificate would bar appellee's right thereto. Farmers' State Bank of Mineola v. Mincher (Texas Civ. App.), 267 S. W., 996; Hawkeye Securities Ins. Co. v. Cashion (Texas Civ. App.), 293 S. W., 664; Harding v. City of Raymondville (Texas Com. App.), 58 S. W. (2d) 55.

"Since these decisions were rendered, article 1839, R. S., 1925, has been twice amended. See Acts 1931, 42nd Leg., chap. 66, sec. 1, p. 100; Acts 1933, 43rd Leg., p. 142, chap. 67 (Vernon's Ann. Civ. St., art. 1839). By that article, as amended, this court is denied the power to permit the filing of a statement of facts out of time unless a motion is filed within 75 days from the judgment, or order overruling a motion for a new trial. In the instant case appellant, in reply to the renewed motion to affirm on certificate, shows good cause for not filing the transcript within the time provided by statute, and the

question presented to us is one of our authority to give any effect to the showing of good cause, and on that ground deny the motion to affirm on certificate. Our question is answered by an opinion dopted by the Supreme Court in answer to certified questions in the case of Red v. Bounds, 122 Texas, 614, 63 S. W. (2d) 544. It was there held that the amendment to article 1839 repealed those provisions of article 1841 and article 1842 which constituted an exception to the right to an affirmance on certificate. As we interpret the opinion in that case, when an appellee makes a showing that the appellant has perfected his appeal in accordance with the law, and that he has failed to file a transcript of the record in this court within the statutory time, and has not filed his motion within 75 days for an extension of time within which to file his record, the right to an affirmance on certificate is absolute. At the time the opinion in Red v. Bounds was rendered, the motion for extension of time was required to be made within 60 days. Since that time, by the last amendment above referred to, that time has been extended to 75 days, but such extension in no wise affects the question presented in this case. The same reasoning employed in that case as applicable to the 60-day period now applies with reference to the 75-day period. Appellant did not file a motion within that period for extension of time, and we cannot therefore now consider or give effect to his showing of good cause."

A reading of the statement of this case, as made by Judge German, demonstrates that the events concerning this appeal transpired when Article 1839, as amended by the 1931 Act, was in effect. It follows that it is governed by the opinions in Red v. Bounds, supra, and Ferguson v. Ferguson, supra.

The judgments of the district court and of the Court of Civil Appeals are both affirmed.

Opinion delivered Nov. 25, 1936.