**CAMERON et al. v. C. I. T. CORPORATION et al.**

No. 12825.

Court of Civil Appeals of Texas. San Antonio.

Feb. 24, 1937.

Cameron & Hardin and Kennedy Smith, all of Edinburg, for appellants.

Russell & Beaucaire, of San Antonio, for appellees.

SLATTON, Justice.

Appellees filed a motion in this court on the 10th day of February, 1937, together with a supporting certificate, praying that this cause be affirmed on certificate.

It appears that on the 20th day of November, 1936, judgment was rendered in the Ninety-Second district court of Hidalgo county, Tex., and that on the same date notice of appeal was given, and on the 10th day of December, 1936, the appeal bond was approved by the clerk of said court. It is further shown by the record that no transcript has been timely filed in this court. By answer, Ollie M. Cameron, joined pro forma by her husband, A. W. Cameron, shows that on February 16, 1937, she filed with the clerk of the district court of Hidalgo county, Tex., her petition for a writ of error.

Article 1839, as amended by Acts 1931, 42d Leg. p. 100, c. 66, and Acts 1933, 43d Leg. p. 142, c. 67 (Vernon's Ann.Civ.St. art. 1839), provides: "In appeal or Writ of Error the Appellant or plaintiff in error shall file the transcript with the Clerk of the Court of Civil Appeals within sixty days from the final judgment or order overruling motion for new trial, or service of the writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days, after the expiration of such sixty day period, showing good cause to have existed within such sixty day period, why said transcript could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe."

The judgment having been entered on the 20th day of November, A. D. 1936, and more than 60 days having elapsed since the date of rendition of such judgment, and without an application showing good cause having been filed and the filing of the appeal bond, the right of affirmance on certificate becomes absolute. Jarrell et al. v. Farmers' & Merchants' State Bank (Tex.Sup.) 99 S.W.(2d) 281. All conflicting decisions of our Courts of Civil Appeals have been settled that the motion to affirm on certificate in this case is absolute.

Appellants, by their answer to appellees' motion to affirm on certificate, show that they have sued out a writ of error in the trial court on February 16, 1937. This action does not militate against the right of appellees for their affirmance on certificate. Moreover, it shows that appellants have completely abandoned their appeal.

Accordingly, under the rule announced by our Supreme Court in the Jarrell Case, supra, appellees are entitled to an affirmance on certificate, and it is so ordered.