**Tom ROTELLO and wife, Lela Rotello, Appellants,**

v.

**BRAZOS COUNTY WATER CONTROL & IMPROVEMENT DISTRICT NO. 1, Appellee.**

**No. 17202.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 28, 1978.

Sears & Burns, Robert L. Burns, C. Charles Dippel, Houston, for appellants.

Karl C. Hoppess, Warren G. King, Houston, for appellee.

EVANS, Justice.

On April 28, 1978 this court entered an order enjoining the appellee, Brazos County Water Control & Improvement District No. 1, Big Creek, pending the further order of this court, from entering upon and clearing trees and vegetation and excavating on the land of the appellants involved in this proceeding, and requiring, as a condition to the issuance of a temporary writ pursuant to said order, that the appellants execute and file with the clerk of this court a bond in the amount of $25,000.00 payable to the adverse party, and conditioned that the appellants would abide by the court's decision made in this cause and would pay all sums of money and costs which might be adjudged against them if the temporary injunction should be dissolved in whole or in part.

On May 1, 1978, the appellants executed a bond in the required amount, and such bond was approved by the Clerk of the court and filed May 2, 1978.

On August 4, 1978, the appellee filed a petition with this court requesting that a judgment for damages be entered against the appellants if it should be the judgment of this court that the appellants were not entitled to a temporary injunction and that such injunction should be dissolved. This court has denied the appellee's petition, and the appellee asks that the court reconsider its order of denial, contending that the entry of such order may prejudice its efforts to obtain relief if the temporary injunction should be dissolved.

 The district court has jurisdiction over an action to recover damages for wrongful issuance of a temporary injunction. *Johnson v. McMahan,* 40 S.W.2d 920 (Tex.Civ.App.—Amarillo 1931, writ ref'd). Such an action must be brought in the district court notwithstanding the fact that an appellate court may have issued the temporary injunction order upon which the action is based.

The appellee's petition and its motion for reconsideration are denied without prejudice to the right of the appellee to seek appropriate relief in the district court.

Sears & Burns, Robert L. Burns, C. Charles Dippel, Houston, for appellants.

Karl C. Hoppess, Warren G. King, Houston, for appellee.