Tom ROTELLO, et ux., et al.,
Appellants,

v.

BRAZOS COUNTY WATER CONTROL
& IMPROVEMENT DISTRICT NO.
1, Appellee.

No. A2125.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 9, 1979.

Rehearing Denied June 6, 1979.

Robert L. Burns, Sears & Burns, Houston, Bill M. Payne, Bryan, for appellants.

Karl C. Hoppess, Warren G. King, Houston, for appellee.

Before MILLER, PRESSLER and SALAZAR, JJ.

MILLER, Justice.

On November 28, 1977, appellee Brazos County Water Control & Improvement District No. 1, filed a petition for condemnation of certain land located in Brazos county which was owned by appellants. Pursuant to Tex.Rev.Civ.Stat.Ann. art. 3264 § 2 (Vernon 1968), the judge of the Brazos county court at law appointed three special commissioners to assess the damages occasioned by the condemnation. The commissioners filed their award with the court. The appellants filed their objections thereto in a timely manner. On April 19, 1978, appellants applied for a temporary injunction seeking to exclude appellee, who had deposited twice the commissioner's award pursuant to Tex.Rev.Civ.Stat.Ann. art. 3268 (Vernon 1968) & (Vernon Supp.1978–79), from entering onto the land. The injunction was denied and appellants appealed. The trial court's action was reversed by the 1st Supreme Judicial District Court of Civil Appeals and remanded to the trial court with instructions to enter an order enjoining the Water District from entering the property. *Rotello, et ux., et al. v. Brazos County Water Control & Improvement District No. 1*, 572 S.W.2d 120 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ).

On November 28, 1978, the Water District filed a motion for dismissal with the trial court, which was granted on the same day. On December 27, 1978, the appellants filed a "Motion to Set Aside Order of Dismissal and to Set Trial for Determination of Attorney's Fees and Expenses." They alleged as grounds for such motion that they were not given proper notice of the hearing on motion for dismissal and that the Water District failed to comply with Tex.Rev.Civ. Stat.Ann. art. 3265 § 6 (Vernon Supp.1978–79). This motion was denied on December 28, 1978. Also on December 28, 1978, appellants filed a "Cost Bond for Appeal From Judgment Dismissing The Cause" of November 28, 1978. On February 27, 1979, appellants filed a petition for writ of error and a cost bond for petition for writ of error with the clerk of the trial court. On March 5, 1979, appellants filed a transcript in this court. This was not within the 60 day filing time which is required for appeals by Tex.R.Civ.P. 386 nor was a motion to extend time filed pursuant to Tex.R. Civ.P. 21c. It was, however, within the 60 day filing requirement for writ of error. Tex.R.Civ.P. 386. On March 22, 1979, appellee Water District filed a motion to affirm on certificate in proper form, Tex.R. Civ.P. 387, and to dismiss the writ of error.

Appellee's motion to affirm on certificate and dismiss the writ of error finds support in the case of *Jarrell v. Farmers' & Merchants' State Bond Bank*, 128 Tex. 332, 99 S.W.2d 281 (1936). In that case at 282 the Supreme Court approved the following statement by the Commission of Appeals:

. . . where an appeal is taken by giving notice and filing an appeal bond, and transcript is not filed in the Court of Civil Appeals within the statutory time, the right of the appellee to have the case affirmed on certificate is absolute, if motion to affirm is filed during the term to which the appeal was returnable, notwithstanding the appellant has abandoned the appeal by filing petition for writ of error and writ of error bond, and has filed transcript in the Court of Civil Appeals before the filing of the motion to affirm on certificate.

Appellant strongly argues that the reasoning behind the decision in *Jarrell* is no longer applicable in light of the comprehensive changes made in the Texas rules of civil procedure in 1941. Although the Texas Supreme Court has not passed on this precise question, it refused a writ "no reversible error" which was taken in the case of *International Security Life Insurance Co. v. Riley,* 441 S.W.2d 858 (Tex.Civ.App.— Amarillo 1969, writ ref'd n. r. e.). No transcript at all was filed in *Riley* but the Amarillo court relied on *Jarrell* in affirming on certificate. We think *Jarrell* applies whether a transcript is filed before a motion to affirm is filed or not. We do not think that the appellants can maintain their writ of error once the appeal is disposed of by affirmance as such would expose the parties and this court to a possible risk of inconsistent judgments.

We grant the motion to affirm on certificate and dismiss the writ of error.