## JOHNSON v. JOHNSON.

(Court of Civil Appeals of Texas. Ft. Worth. April 20, 1912.)

EVIDENCE (§ 461*)—PAROL EVIDENCE.

In the absence of fraud or mistake in the making of a deed conveying land in fee for a recited consideration, parol evidence is inadmissible to show that the grantor did not intend to convey the premises described to the grantee according to the legal effect of the instrument.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. § 461.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Appeal from District Court, Mitchell County; Jas. L. Shepherd, Judge.

Action by J. T. Johnson against Mrs. Dean Johnson. From a judgment granting insufficient relief, plaintiff appeals. Affirmed.

W. B. Crockett, of Colorado, Tex., for appellant. H. R. Debenport, of Big Springs, and L. W. Sandusky, of Colorado, Tex., for appellee.

SPEER, J. This is a suit by J. T. Johnson to recover the title and possession of section 12, block 30, Texas & Pacific Railway Company land, situated in Howard and Mitchell counties. The suit was originally brought against S. B. Johnson and Dean Johnson, who were formerly husband and wife, respectively, but upon the trial the plaintiff dismissed as to S. B. Johnson. There was a verdict and judgment for the plaintiff for one-half the land and for the defendant Dean Johnson for the remaining one-half. The plaintiff has appealed.

The essence of appellant's cause of action, if he has any, as disclosed by his petition, is that he had made a conveyance of the land in controversy to S. B. Johnson, his son and to appellee, Dean Johnson, his daughter-in-law, but that the conveyance was not intended as one in fee simple, but was intended as a lease merely to the defendants as a home so long as they desired to live on the land and make it a home, or until plaintiff should make a sale of his ranch, in which event he was to include this section with said sale, whereupon the lease or deed was to be released and the land conveyed to his vendee. That the defendants have abandoned the land as a home, and for that reason have terminated the lease and forfeited all rights and privileges under the deed. We have carefully examined the pleadings of both parties and all the evidence, and are of the opinion that no other judgment could have been entered than the one that was entered. The deed of conveyance executed by appellant was a general warranty deed conveying the land in controversy to S. B. Johnson and wife, Dean Johnson, for the recited consideration of $640, the receipt of which was acknowledged, and the instrument contained the usual habendum and warranty clauses to the grantees, their heirs, and assigns. Unless the appellant will be permitted to show, as he has alleged, that the instrument was not intended as a deed, but was intended to convey merely a conditional right or interest in the land, then the evidence as a whole establishes beyond doubt that the land was intended as a gift by the father to the son and daughter, and that their respective interests in the same were their separate property. During the pendency of this suit the son reconveyed to the appellant. All of the evidence disputes that it was ever intended that the $640, or any

other sum, should be paid to appellant. So that, as already stated, unless appellant could recover upon the theory that the instrument was not a conveyance in fee simple, appellee was entitled to recover a one-half interest in the land. There is in the record no evidence of fraud or mistake in the making of the deed. This being true, parol evidence was not admissible to show that the maker did not intend to convey the property to the grantees according to the legal effect of his instrument. The case of Kahn v. Kahn, 94 Tex. 114, 58 S. W. 825, is very clear on this point. Appellant will not be heard to say that his intentions were other than as expressed by the terms of his deed of conveyance in the absence of a showing of mutual mistake or fraud, and thus to contradict the legal effect of his instrument. These conclusions dispose of every assignment, and we will not discuss them seriatim.

The judgment is affirmed.