COLE et al. v. MALLORY S. S. CO.
(No. 7436.)

(Court of Civil Appeals of Texas. Galveston. June 21, 1917.)

1. APPEAL AND ERROR ⟷395—APPEAL BOND —NECESSITY.

In an action by an administratrix and others, where a general demurrer was sustained and the petition dismissed, the plaintiffs all gave notice of appeal; but, no appeal bond being given, only the administratrix is before the appellate court.

2. MASTER AND SERVANT ⟷388—INJURIES TO SERVANT—ACTIONS—STATUTE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4698, declares that an action for wrongful death shall be for the sole and exclusive benefit of the surviving husband, wife, children, and parents of the person whose death shall have been caused, and the amount recovered shall not be liable for the debts of the deceased. Article 5246ii, which is part of the Workmen's Compensation Act, declares that employés whose employers are not subscribers and representatives and beneficiaries of deceased employés working at the time of injury for nonsubscribing employer cannot participate in the benefits of the insurance association, but they may recover judgments against such employers, or any of them, for damages sustained by reason of any personal injury received in the course of employment or by reason of death resulting from such injury. Held, that article 5246ii did not allow an action by an administratrix for the benefit of the heirs of an employé killed in the course of his employment, but the right of action was restricted to the persons named in article 4698.

3. DEATH ⟷31(3)—EXECUTORS AND ADMINISTRATORS ⟷51—RIGHT OF ACTION BY ADMINISTRATOR.

As Vernon's Sayles' Ann. Civ. St. 1914, art. 4698, declares that the action for wrongful death shall be for the sole benefit of certain persons and the amount recovered shall not be liable for the debts of the deceased, such recovery does not become part of the assets of the deceased, and an administratrix cannot maintain action therefor.

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Action by Mattie L. Cole, administratrix of the estate of Albert Cole, deceased, and others, against the Mallory Steamship Company. From a judgment of dismissal, plaintiffs appeal. Affirmed.

O. S. York, of Galveston, for appellants. Terry, Cavin & Mills, of Galveston, for appellee.

LANE, J. This suit was originally instituted by George C. Cole and Harriet Wesson, brother and grandmother, respectively, of Albert Cole, deceased, against the Mallory Steamship Company, a corporation, for damages by reason of the death of Albert Cole, alleged to have been caused through the negligence of the defendant, while said Albert Cole was at work for defendant. Plaintiffs alleged in their petition that the said Albert Cole, at the time of his death was a single man without issue, and that plaintiffs were his sole heirs at law. They also alleged that at the time of the death of said Albert Cole, defendant was not a "subscriber," as that term is used in articles 5246h, 5246i, 5246ii, etc., Vernon's Sayles' Civil Statutes of 1914, composing what is known as the "Workman's Compensation Act of Texas," and that they brought their suit under article 5261ii of said act. Their prayer was for a recovery under article 5246kk of said Compensation Act.

During the pending of the suit Mrs. Mattie L. Cole caused to be filed in said cause a paper, indorsed, "First Amended Petition to Make Parties." It is alleged therein that Mattie L. Cole is the duly qualified administratrix of the estate of Albert Cole, deceased, and she makes herself a party plaintiff as such administratrix, and asks that the cause be continued in her name as such administratrix, for the benefit of George C. Cole and Harriet Wesson.

"Then follow allegations substantially the same as to the death of said Albert Cole and the alleged negligent acts of the Mallory Steamship Company claimed to have caused his death, the amended petition also praying for compensation for the death of the deceased in the same manner and for the same amount as in the original petition, and alleging as in the original petition that the action is brought under article 5246ii of the Workman's Compensation Act, page 3470, Vernon's Civil Statutes. We think it is apparent from the amended petition that it was intended by the pleader that the original parties plaintiff Harriet Wesson and George C. Cole and Mattie L. Cole, as administratrix of Albert Cole's estate were all to be treated as plaintiffs in the cause."

The defendant, among other things, answered by general demurrer as follows:

"Now comes Mallory Steamship Company, defendant in the above entitled and numbered cause, and excepts and demurs to plaintiff's original and amended petitions filed herein, for that the same show no cause of action against this defendant, and on the contrary show that neither of the plaintiffs has any cause of action against this defendant on account of the matters and things alleged in said petition."

The general demurrer was by the court sustained, and upon the refusal of plaintiffs to amend the cause was dismissed. From this order of dismissal all the plaintiffs gave notice of appeal.

[1] There was no motion for new trial filed in the trial court, nor was there any appeal bond filed by any of the plaintiffs, nor was there any assignment of error filed in the trial court. It is therefore apparent that the only party plaintiff, before this court by virtue of the notice of appeal given, is the administratrix, Mattie L. Cole, and that the only question presented for our consideration is whether or not the court erred in dismissing said cause upon general demurrer.

[2] The contention of appellant in effect is that by the enactment of the Workman's Compensation Act, and especially article 5246ii thereof, the Legislature in effect re-

pealed article 4698 of Vernon's Sayles' Civil Statute, and that the term "legal beneficiary, or beneficiaries," used in article 5246ii of the Compensation Act, means legal "heirs" as such under the statute of descent and distribution, and not the persons named in said article 4698. The two articles referred to, 5246ii and 4698, read as follows:

"Employés whose employers are not at the time of injury subscribers to said association and the representatives and beneficiaries of deceased employés who at the time of injury were working for nonsubscribing employers cannot participate in the benefits of said insurance association, but they shall be entitled to bring suits, and may recover judgment against such employers, or any of them, for all damages sustained by reason of any personal injury received in the course of employment, or by reason of death resulting from such injury, and the provisions of section 1 (article 5246h) of this act shall be applied in all such actions."

"Art. 4698. *For Whose Benefit Action to be Brought.*—The action shall be for the sole and exclusive benefit of the surviving husband, wife, children and parents of the person whose death shall have been caused, and the amount recovered therein shall not be liable for the debts of the deceased."

In this connection, we are unable to agree with appellant. We cannot think that it was the intent or purpose of the Legislature by the enactment of article 5246ii to take from the persons named in article 4698 in some cases the right conferred on them by that article, and confer it upon others, such as brothers and sisters, or grandparents, who may be, under the statute of descent and distribution heirs of a deceased relative for whose death recovery is sought, and who prior to the passage of said article 5246ii had no right to recover for the loss of such relative by reason of the negligent act of another.

We think the term "legal beneficiaries" as used in said Compensation Act means the persons named in article 4698; that is, surviving husband, wife, children, and parents of the person whose death shall have been caused, and as neither of the plaintiffs in this cause are such persons, they have no right of recovery under their pleadings, and the court did not err in so holding and in dismissing the cause upon demurrer. Vaughan et al. v. Southwestern Surety Ins. Co. et al., 195 S. W. 261, decided by the Beaumont court on the 26th day of April, 1917, opinion not having been yet officially published. We cite the above-mentioned opinion with approval and as settling the contention of appellant adverse to her.

The main question presented for our decision in the case was in the opinion fully, ably, and exhaustively discussed, and, having cited the same with approval, we pretermit any further discussion of the question therein decided, which we have only very briefly discussed herein.

[3] We have already shown that Mrs. Mattie L. Cole, administratrix, is the only person before this court by appeal, in the absence of an appeal bond. Aside from sustaining appellee's contention upon the matters already discussed, we think the court properly sustained the demurrer to the administratrix's petition, for the reason that such rights as arose out of the matters complained of, by the very terms of the law under which recovery is sought, is vested absolutely in the beneficiaries named in said law, and not in the estate of the deceased. This being true, then it necessarily follows that the administratrix of the estate of the deceased have no interest in the funds sought to be recovered, and consequently cannot maintain an action to recover it. Smith v. Southern Surety Co., 193 S. W. 204. In citing this case (case last cited) we desire to state that the same was rendered by this court, and we now discover that, through oversight or inadvertence, we made use of the term "legal heirs" instead of "legal beneficiaries," as intended.

The judgment of the trial court is affirmed.