LUDWIG IRLBECK ET AL. V. THE STATE OF TEXAS.

No. 6900.   Decided June 16, 1937.
(106 S. W., 2d Series, 262.)

*M. J. Baird,* of Plainview, for plaintiff in error.

A litigant, against whom a judgment has been rendered in the trial court and who has perfected his appeal but does not supersede said judgment in any manner, has a right to abandon such appeal and sue out a writ of error and have said cause reviewed by the appellate court. Harding v. City of Raymondville, (Com. App.) 58 S. W. (2d) 55; Eppstein & Co. v. Holmes, 64 Texas 560; Reef v. Hamblen, 47 S. W. (2d) 375.

*Meade F. Griffin,* of Plainview, and *J. H. O'Neal,* of Tulia, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was originally instituted by the State of Texas against Ludwig Irlbeck and others, plaintiffs in error here, to have certain premises declared a nuisance, and for an injunction. Upon hearing, the district court declared a nuisance existed and enjoined the defendants in the operation and maintenance of same. This judgment was entered on October 5, 1934. Motion for new trial was overruled on October 13, 1934, and defendants gave notice of appeal, and timely filed appeal bond. They delayed, however, more than the statutory period allowed for filing the transcript and statement of facts in the Court of Civil Appeals, and for that reason attempted to abandon the appeal and to prosecute a writ of error. On motion the judgment was affirmed by the Court of Civil Appeals on certificate.

At the time application for writ of error was granted there was some apparent conflict in the decisions. The Supreme Court, however, has in the recent case of Jarrell v. Farmers & Merchants State Bond Bank, 128 Texas 332, 99 S. W. (2d) 281, definitely settled that when an appellant, after giving notice of appeal and filing appeal bond, fails to timely file transcript in the Court of Civil Appeals and abandons such proceeding, then attempts to prosecute appeal by writ of error, the Court of Civil Appeals shall, upon motion seasonably filed, affirm upon certificate, and dismiss writ of error. That decision disposes of the present case, and the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court June 16, 1937.