### H. E. SMITH v. J. W. FREE.
No. 6912.   Decided July 7, 1937.
(107 S. W., 2d Series, 588.)

*Hill, Greer & Franke,* of Mission, for plaintiff in error.

The order of the Court of Civil Appeals overruling the motion to affirm on certificate and refusing to dismiss the writ herein is not a final judgment and since such action is erroneous the court had the power and it was its duty to revise or change the order at a subsequent term of court. Harding v. City of Raymondville, 58 S. W. (2d) 55; Welch v. Weiss, 99 Texas 356, 90 S. W. 160; Red v. Bounds, 122 Texas 614, 63 S. W. (2d) 544; Cardwell v. Bell, 59 S. W. (2d) 419.

*C. E. Florence* and *Edwin M. Fulton,* of Gilmer, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

The opinion of the Honorable Court of Civil Appeals in this case is reported in 80 S. W. (2d) 419. Under the views which we entertain of the controlling question presented we find it unnecessary to make a statement of the issues involved on the merits of the suit.

In 1933 the Court of Civil Appeals overruled a motion of plaintiff in error seasonably filed to affirm the judgment of the trial court on certificate as provided by R. S. Art. 1841. The facts presented by the certificate were essentially the same as those in the cases of Jarrell v. Farmers and Merchants State Bond Bank of Poth, 128 Texas 332, 99 S. W. (2d) 281; Heywood-Wakefield Co. v. Brady, 128 Texas 371, 101 S. W. (2d) 224, and Irlbeck v. State, 129 Texas 608, 106 S. W. (2d) 262. They need not be detailed here, for, with commendable fairness, defendant in error admits that, in the light of the decision in the Jarrell case, the court erred in overruling the motion to affirm

on certificate. Defendant in error perfected his appeal from the trial court's judgment but failed to file the record or motion to extend the time for filing in the Court of Civil Appeals within the statutory time, and thereafter undertook to bring the case to that court by writ of error. Upon the authorities above cited it must be held to be the established rule that the right of an appellant to abandon his appeal and resort to a writ of error is subject to the superior right of the appellee to have the judgment of the trial court affirmed on certificate. Upon this the parties agree.

After the Court of Civil Appeals overruled the motion to affirm on certificate it retained the case on its docket until the year 1935, and then heard and decided it on the merits of the appeal. Its judgment was one reversing the judgment of the trial court and remanding the cause thereto. From that judgment error was timely prosecuted to, and granted by this Court.

The contentions of defendant in error are, that the order of the Court of Civil Appeals entered in 1933 overruling the motion to affirm on certificate was a final, appealable order; that plaintiff in error should have prosecuted a writ of error to this Court from that order within 30 days after the overruling of the motion for rehearing therein, and that, since no application was filed within that time, this Court has no jurisdiction to review that ruling. It is not claimed that the application for writ of error herein was not filed within 30 days after the order overruling the motion for rehearing entered after the case had been finally disposed of on its merits by the Court of Civil Appears, but it is claimed that plaintiff in error lost his right to complain of the ruling on the motion to affirm on certificate by his failure to prosecute a writ of error therefrom in 1933. The controlling question for decision is whether an order of the Court of Civil Appeals overruling a motion to affirm the judgment of the trial court on certificate, under the provisions of R. S. Art. 1841, is a final judgment from which a writ of error may be prosecuted to the Supreme Court.

■ Only final judgments of Courts of Civil Appeals may be reviewed by the Supreme Court upon writs of error. R. S. Art. 1739. An order of the Court of Civil Appeals affirming a case on certificate is a final judgment of that court, for it determines the whole matter in litigation and leaves nothing to be determined in the future. Not so with an order overruling a motion to affirm on certificate. Such an order does not finally determine the issues in controversy, but by its very nature leaves the issues on the merits of the appeal open for future determination. By its decree in refusing to affirm on certificate the court adjudges

that it does not terminate the litigation, but leaves the case pending on its docket. Such an order is interlocutory and not a final judgment which this Court may review by writ of error. This precise question was set at rest by the recent decision of this Court in Prince v. Guyer, 129 Texas 90, 103 S. W. (2d) 128.

Plaintiff in error observed the correct practice. He assigned the ruling on the motion to affirm on certificate as error in his motion for rehearing timely filed after final judgment was rendered by the Court of Civil Appeals, and brought that assignment forward in his application to the Supreme Court for writ of error timely filed after his motion for rehearing was overruled. No other method of having the question reviewed by this Court was available to him.

Plaintiff in error accompanied his certificate with a certified copy of the supersedeas bond on appeal filed by defendant in error. He is therefore entitled to have the judgment affirmed against the sureties as well as against defendant in error. R. S. Art. 1841. It is accordingly ordered that the judgment of the Court of Civil Appeals be reversed and the judgment of the trial court affirmed on certificate as against both the defendant in error and the sureties on his supersedeas bond.

Opinion adopted by the Supreme Court July 7, 1937.