M. E. KLATTENHOFF ET AL. v. JOHN F. SCHRIEVER ET UX.

No. 7343. Decided February 23, 1938.
Rehearing overruled March 23, 1938.
(113 S. W., Second Series, 515.)

*R. A. Baldwin,* of Slaton, for plaintiff in error.

*William E. Davenport,* of San Angelo, for defendant in error.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

In the trial court defendants in error sued plaintiffs in error for damages, and upon an instructed verdict judgment was rendered that they take nothing. That judgment was rendered and dated on March 19, 1937. On that date defendants in error in open court excepted to the judgment and gave notice of appeal to the Court of Civil Appeals at Amarillo. No motion for a new trial was filed. Defendants in error duly perfected their appeal by timely filing in the trial court their appeal bond, which was approved by the clerk. On May 29, 1937, defendants in error tendered the record to the clerk of the Court of Civil Appeals for filing and the clerk filed same on that day. This the clerk was not authorized to do, for it was not tendered him within sixty days from date of final judgment and no order of the court authorized its filing out of time. On June 10, 1937, more

than 75 days after final judgment had been entered in the cause, defendants in error for the first time filed a motion for permission to file the transcript and statement of facts out of time. On June 15, thereafter plaintiffs in error filed in the Court of Civil Appeals two motions, first, to strike the transcript and statement of facts, and, second, to affirm on certificate, the latter motion being accompanied by a certificate of the clerk of the trial court in due form of law. On June 28, 1937, the Court of Civil Appeals overruled the motion of defendants in error for permission to file the record out of time, overruled the motion of plaintiffs in error for affirmance on certificate and granted the motion of plaintiffs in error to strike the record, which had theretofore been filed out of time. In its judgment granting plaintiffs in error's motion to strike the transcript and statement of facts, the court ordered the appeal dismissed.

**1, 2**   The first question for decision is whether the judgment of the Court of Civil Appeals is a final judgment. This Court may review upon writ of error proceedings only final judgments of courts of civil appeals. Art. 1739. In Prince v. Guyer, 129 Texas 90, 103 S. W. (2d) 128, and Smith v. Free, 130 Texas 23, 107 S. W. (2d) 588, we held that an order overruling a motion to affirm on certificate is not a final judgment which this court may review by writ of error. In each of those cases the cause was left pending on the docket of the Court of Civil Appeals for final determination on its merits at a later date. In this case nothing was left for determination by the Court of Civil Appeals, for by order that court dismissed the appeal. Such an order we hold to be a final judgment reviewable by this Court in a writ of error proceeding.

**3**   The right of plaintiffs in error to have the judgment of the trial court affirmed on certificate seems to be clear. Defendants in error did not file, or tender for filing, the record in the Court of Civil Appeals within the 60 day period prescribed by statute. Art. 1839. Their motion to file the record out of time was filed more than 75 days after final judgment was entered. By the provisions of Art. 1839 that motion comes too late if not filed within a reasonable time, not exceeding 15 days, after the expiration of the 60 day period prescribed therein for filing the record. In that situation, a motion to affirm on certificate having been seasonably filed, the right of plaintiffs in error to have such motion granted was absolute. Jarrell v. Farmers & Merchants State Bond Bank of Poth, 128 Texas 332, 99 S. W. (2d) 281 and cases there cited; Irlbeck v. State, 129 Texas 608, 106 S. W. (2d) 262.

No opinion was written by the Court of Civil Appeals, and we are therefore not advised upon what ground the motion to affirm on certificate was overruled. It may have acted upon the theory that plaintiffs in error sought inconsistent remedies; that by seeking and procuring an order striking the transcript and statement of facts they waived their right to an affirmance.

In the case of Texas & Pacific Ry. Co. v. Phillips, 45 S. W. (2d) 265, the appellee filed two motions, one to dismiss the appeal and the other to affirm the judgment of the trial court on certificate. The Court of Civil Appeals granted the motion to dismiss the appeal and then held that, having granted that motion it was without jurisdiction to affirm the judgment of the trial court on certificate, and accordingly it dismissed the motion to affirm on certificate. Thereafter, it appears that the railway company brought the case to the Court of Civil Appeals by writ of error, Texas & Pacific Ry. Co. v. Phillips, 56 S. W. (2d) 210, and the question of the right of the appellee to have the judgment of the trial court affirmed on certificate was again raised. It was held in that case (error dismissed) that the appellant had the right to abandon the appeal and bring the case up by writ of error subject only to the superior right of the appellee to have the case affirmed on certificate; that the right of the appellee to have the case affirmed on certificate could be waived, and that the filing of a motion by the appellee to dismiss the appeal and the acquiescence by him in an order of the Court of Civil Appeals dismissing the appeal constituted a waiver of the right to an affirmance on certificate. Those cases do not support the order of the Court of Civil Appeals herein. Plaintiffs in error filed no motion in the Court of Civil Appeals to dismiss the appeal, but, on the contrary, were careful to state in their motion to strike the transcript and statement of facts that they were not seeking an order dismissing the appeal. Their motion to strike served no purpose. It was a wholly unnecessary motion, but it did not invoke the jurisdiction of the Court of Civil Appeals to dismiss the appeal and did not operate as a waiver of the right to have the judgment of the trial court affirmed on certificate.

The judgments of the Court of Civil Appeals dismissing the appeal and overruling the motion to affirm on certificate are reversed and the cause is remanded thereto with instructions to reinstate the appeal and grant the motion to affirm on certificate.

Opinion adopted by the Supreme Court February 23, 1938.

Rehearing overruled March 23, 1938.