## ROBERSON et ux. v. KECK.
### No. 13770.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 8, 1939.

Rehearing Denied Jan. 12, 1940.

H. M. Muse, of Wichita Falls, for plaintiffs in error.

Donald & Donald, of Bowie, for defendant in error.

SPEER, Justice.

This cause is before us on writ of error perfected by O. G. Roberson and wife, Madge Roberson, against L. Keck, growing out of a judgment entered in the District Court of Montague County, Texas, on February 13, 1937.

Defendant in error, L. Keck, to whom, for convenience, we shall refer as appellee, sued O. G. Roberson and wife, to whom we shall refer as appellants, in trespass to try title, to recover Lot No. 3, in Block No. 15, B. S. Wathen Addition, as amended, to the town of Nocona, Montague County, Texas, according to the plat of said addition, as recorded in the Deed Records of the county, in designated volume and page.

Appellee also sued for rentals on the property during the time that he claimed appellants had wrongfully withheld its use and possession. Allegations assert that appellants had previously made, executed and delivered their warranty deed conveying the property to appellee; that by mutual mistake of all parties, an erroneous description of the property was contained in the deed. Prayer was for correction and reformation of the deed, title and

possession of the property, and for judgment for the value of rentals.

Appellants defended under an answer of general denial and plea of not guilty. No jury being demanded, trial was to the court. After hearing the evidence adduced, the court entered judgment correcting and reforming the instruments, for title and possession of the property by appellee, and for $240 as the value of rentals during the time it had been illegally withheld by appellants.

Within the statutory time, the appellants attempted to perfect an appeal to this court. No record was filed by them and after expiration of that period appellee filed in this court a motion to affirm on certificate. Appellants, by ex parte affidavits of the trial judge and the district clerk, disclosed to this court that no exception was taken by appellants to the judgment entered and that no notice of appeal therefrom was given in open court, as provided by statute. It was thereby made to appear that we had no jurisdiction in the appeal. We declined to affirm on certificate and dismissed the appeal for want of jurisdiction. This order was entered on June 25, 1937. See Roberson v. Keck, Tex.Civ.App., 108 S.W.2d 840.

The Supreme Court granted a writ of error upon application by Keck. On July 5, 1939, long after the expiration of the term of this court at which judgment had been entered, the Supreme Court, in an opinion reported in Keck v. Roberson, Tex. Com.App., 130 S.W.2d 287, took cognizance of the holdings of this court, both in dismissing the appeal for want of jurisdiction and in refusing to affirm on certificate. This was there said: "In the case of Smith v. Free (Tex.Com.App.) [130 Tex. 23] 107 S.W.2d 588, there was presented precisely the same situation as we have here. In that case it was held that the action of a Court of Civil Appeals in refusing to affirm on certificate was not a final judgment from which an appeal could be prosecuted to the Supreme Court. Upon authority of that case it appears that the writ of error in this instance was improvidently granted."

For the reasons stated, the Supreme Court dismissed the application for writ of error for want of jurisdiction.

In the case of Smith v. Free, supra, it appears that the Court of Civil Appeals did not dismiss the appeal, as was done in the one before us, but refused to affirm on certificate, leaving the case pending on its docket. It was held that such an order did not dispose of the appeal for the obvious reasons assigned by the court. In the cause pending in this court, the appeal was dismissed.

Appellee has again renewed his motion to affirm on certificate, as against the writ of error proceedings pending, but it will be observed that this is not a case in which appellant perfected an appeal and subsequently abandoned it, and later perfected his writ of error. In such instances it is well settled that the right to sue out the writ of error is subject to the further right of appellee to have the judgment affirmed on certificate, when presented to the same term of court. Jarrell v. Farmers' & Merchants' State Bond Bank of Poth, 128 Tex. 332, 99 S.W.2d 281; Heywood-Wakefield Co. v. Brady, 128 Tex. 371, 101 S.W. 2d 224; and Irlbeck v. State, 129 Tex. 608, 106 S.W.2d 262.

Assuredly the judgment entered by this court in dismissing the appeal for want of jurisdiction was final. We do not construe the language used by the Supreme Court in Keck v. Roberson, supra, to hold otherwise. That court said that the action of this court in refusing to affirm on certificate was not a final judgment from which an appeal could be prosecuted to the Supreme Court. The dismissal of the appeal by us was not discussed by the Supreme Court in its disposition of the application for writ of error. If the action of the Court of Civil Appeals in this respect had been improper doubtless the Supreme Court would have reversed our judgment.

That a judgment of dismissal is final, see 25 Tex.Jur., page 367, sect. 5; Eddleman v. McGlathery, 74 Tex. 280, 11 S.W. 1100; Freeman on Judgments, 5th Ed., Vol. 1, page 39 et seq.

There is also before us a motion by appellee to dismiss the writ of error proceedings in this case, upon the grounds (a) that an appeal had been previously perfected by appellants to this court, and they could not be heard to abandon that appeal and present the cause on the writ of error, and (b) because the judgment of this court dismissing the former attempted appeal was not final in that the Supreme Court had granted a writ of error therein. Appellee further moves to strike the statement of facts now on file in this court, for reasons therein set out. We think there is no merit in either of said motions,

and upon the authorities cited and facts above related, they are overruled.

The record reflects that appellants borrowed from appellee $1,000 on June 8, 1926, and at that time executed their note for that amount and a deed of trust on the property in controversy, to secure the payment of the note at maturity. The property was the homestead of appellants at the time, and the money was not for either of the purposes for which the homestead could be incumbered to secure.

Appellants defaulted in the payment of the note above described, and on January 30, 1933, they executed their warranty deed to appellee, conveying the lot as it was described in the deed of trust. The lot was erroneously described in both the deed of trust and the deed; but it is clear from the record that the lot so described is the same as that in controversy, and it was these errors that appellee sought to have corrected and the instruments reformed to fit the facts proved.

This brings us to a consideration of what we believe to be the only issue involved in this appeal. Was the deed of conveyance from appellants to appellee, on January 30, 1933, an attempted mortgage lien on the homestead, or was it a deed of conveyance? Appellants have presented in many forms, assignments of error to the action of the trial court in holding that the instrument was not a mortgage but a conveyance of the title.

It is fundamentally true that under our procedure parol evidence may be introduced to explain the true consideration for written instruments, under certain conditions. Texas Company v. Tucker, Tex.Civ. App., 129 S.W.2d 762, writ refused, and cases there cited.

The consideration in the instrument under which appellee claimed title is recited to be as follows: "$10.00 and other valuable considerations, among which is the cancellation of one promissory note for $1,-000.00, dated June 8th, 1926, signed by said O. G. Roberson and Madge Roberson, in favor of L. Keck, to us in hand paid by L. Keck, as follows: cash and canceled note in hand upon signing of this instrument, the receipt of which cash and canceled note is hereby acknowledged and confessed."

The testimony bearing upon the effect and purpose of the deed was conflicting. Appellant O. G. Roberson testified in response to question as follows: "Question:

Mr. Roberson, at the time of the execution of this warranty deed on January 30th, 1933, state what agreement, if any, you had with Mr. Keck prior to the execution of that instrument. Answer: We had a conversation there on the south side of Foshee's store, and I told Mr. Keck at that time I was out of a job and wasn't working just at that time and I didn't have anywhere to go, and he said, 'Why God, you don't have to move. You stay there and if you get the money I will let you have it (the property) back.' "

The scrivener who prepared the deed testified that the $10 cash recited in the deed was paid to Roberson and that the canceled note for $1,000 was then and there delivered to him. It further appears that Keck thereafter purchased and carried insurance on the improvements and rendered and paid the taxes thereon; that Roberson declined to render the property for taxes, but told the tax assessor that he had sold it to Keck. Relative to recovery by Keck of rentals the testimony discloses that Keck told Roberson prior to the time conveyance was made that if he gave him no trouble in the future about possession, he, Roberson, could continue to occupy the house for the remainder of the year (1933) at a rental of $10 per month; that that amount was the reasonable rental value.

In cases of this character where a deed of conveyance upon its face shows the whole recited consideration to be paid and the instrument is plain and unambiguous, it has been held that parol testimony is not admissible to show that the instrument was intended as a mortgage rather than a conveyance. There is no contention made here by appellants that the consideration as recited was not paid. O. G. Roberson admitted that he owed the $1,000 to Keck and desired to pay it. He received the canceled note when he made the deed. Parol evidence that the instrument was intended for another purpose than that plainly expressed by its terms was in violation of the parol evidence rule, and was not admissible under the rule of explaining the consideration contained in the deed.

In 29 Tex.Jur., page 810, sect. 17, this rule is announced: "A debt being one of the essentials of a mortgage, it is evident that the existence of a debt must be established by one who contends that a deed was intended to operate as a mortgage. * * * It is equally plain that the transaction cannot be held to be a mortgage where it ap-

pears that an existing debt was satisfied or discharged by the conveyance."

In Pridgen v. Furnish, Tex.Civ.App., 11 S.W.2d 844, affirmed in Tex.Com.App., 23 S.W.2d 307, it was held that where the consideration in a deed regular on its face is shown to be contractual, that is, where it recites cash paid and notes for the remainder of the purchase price, it cannot be contradicted or wiped out by verbal testimony, or be given a different construction so as to create a mortgage or trust. Citing Hopkins v. City of Dallas, Tex.Civ.App., 297 S. W. 347, writ refused; Johnson v. Johnson, Tex.Civ.App., 147 S.W. 1167.

In Rincon Investment Co. v. White, Tex. Civ.App., 54 S.W.2d 1052, writ dismissed, it was held that evidence introduced to change the nature and effect of a deed of conveyance should be scrutinized with the greatest care, and should not be given effect unless it clearly establishes the change contended for; that no presumption will be indulged favorably to the testimony seeking to change the nature and effect expressed by the written instrument. Citing Calhoun v. Lumpkin, 60 Tex. 185; Webb v. Burney, 70 Tex. 322, 7 S.W. 841.

The contention of appellants that if they should afterwards pay the debt, Keck had promised to sell the property back to them, has no support from any other witness or fact in the case, and at most only raised an issue for determination by the court, sitting in lieu of a jury. Thraves v. Hooser, Tex.Com.App., 44 S.W.2d 916. The trial court resolved that fact against appellants. When no jury is demanded the court is the judge of the credibility of the witnesses and the weight to be given their testimony. 3 Tex.Jur., page 1102, sect. 771; Ostrom v. Jackson, Tex.Civ.App., 127 S. W.2d 987; Corn v. First Texas Joint Stock Land Bank, Tex.Civ.App., 131 S.W.2d 752, writ refused; Texas Cotton Growers' Ass'n v. McGuffey, Tex.Civ.App., 131 S.W.2d 771, writ dismissed. The same authorities hold that when thus determined by the court and there is any substantial evidence to support the findings, the appellate court will not disturb it.

In the instant case the deed was regular on its face, showing that the whole consideration was paid by appellee, in the cash mentioned and by the cancellation and surrender of the note for $1,000. The deed appears upon its face regular in every respect. The trial court obviously either dis-

credited or disregarded the contentions made by appellants in arriving at his judgment. Under the authorities cited he had the right to do this.

Appellant Roberson admitted that he formerly owed the debt which was canceled in the deed of conveyance, and that he desired to pay it. There was no reason why he and his wife could not convey their homestead in settlement of the debt. This is what appears to have been done.

What we have said likewise disposes of the matter of rentals recovered by appellee in the judgment. The issue was a controverted one, upon which there was evidence which, if believed, would support a judgment either way. The facts were resolved by the court against the contention of appellants and we cannot revise it. All assignments of error on these points are overruled and the judgment of the trial court is affirmed.