**UNITED EMPLOYERS CASUALTY CO. v. SMITH et al.**

No. 5231.

Court of Civil Appeals of Texas. Amarillo.

Jan. 13, 1941.

Rehearing Denied April 21, 1941.

Will R. Saunders, of Dallas, and Simpson, Dorenfield & Fullingim, of Amarillo (E. A. Simpson, of Amarillo, and Henry D. Akin, of Dallas, of counsel), for plaintiff in error.

Julien C. Hyer and A. W. Christian, both of Fort Worth, for defendants in error.

STOKES, Justice.

Final judgment based upon the verdict of a jury was entered in the court below in this case on October 9, 1939, in which the defendant in error was awarded judgment in the total sum of $2,780, the unaccrued portion to be paid at the rate of $20 per week under the provisions of the Workmen's Compensation Act, Art. 8306 et

seq., R.C.S., 1925, Vernon's Ann.Civ.St. art. 8306 et seq. The basis of the recovery was, as found by the jury, the total loss of the use of defendant in error's right hand. Plaintiff in error's motion for a new trial was overruled by the trial court on the 27th of October, 1939, at which time it gave notice of appeal. On December 27, 1939, plaintiff in error filed its petition for a writ of error under which it sought, by that means, to remove the case to this court for review. Citation in error was issued by the clerk of the trial court on the 28th of December, 1939, and the sheriff's return thereon shows it came into his hands and was served upon defendants in error on the 2nd day of January, 1940.

The record was duly filed in this court and on March 25, 1940, defendants in error presented a motion to dismiss the writ of error upon the ground that it had not been perfected prior to January 1, 1940, and this court, therefore, did not acquire jurisdiction of the appeal under the provisions of Senate Bill No. 69, brought forward as Art. 2249a of Vernon's Annotated Civil Statutes. The statute provides that no party who participates either in person or by his attorney in the actual trial of a case in the trial court shall be entitled to review by the Court of Civil Appeals through means of a writ of error, and it became effective January 1, 1940. The record shows that plaintiff in error participated in the trial through its attorneys.

Following the holding of another Court of Civil Appeals in an opinion that had been handed down, but not published, and it also being our own opinion at that time that the motion was not well taken, we overruled the motion to dismiss the writ of error, retained the case on the docket, and it was submitted on its merits in its regular order on December 2, 1940. In their brief defendants in error again presented and insisted upon their motion to dismiss the writ of error. Being of the opinion that our former ruling had become the law of the case and that the matter was res adjudicata, we again overruled the motion to dismiss and handed down an opinion on the merits of the case on December 9, 1940.

■■ In their motion for rehearing defendants in error again insist that the writ of error was not perfected within the time allowed by law and that this court is, therefore, without jurisdiction to pass upon the merits of the case. A further investigation of the entire matter reveals that the opinion of the Court of Civil Appeals above mentioned was withdrawn and the court finally concluded that, under the provisions of Art. 2249a, the Court of Civil Appeals does not acquire jurisdiction of a writ of error unless the application was filed and the citation was issued and served prior to January 1, 1940. United Employers Casualty Co. v. Skinner, Tex.Civ.App., 141 S. W.2d 955. The Supreme Court refused a writ of error in that case and it must be said that the law is now settled that under the article above mentioned the appellate court does not acquire jurisdiction of a writ of error unless the application was filed and the citation issued and actually served before the 1st of January, 1940.

■ Plaintiff in error insists that the order entered by this court on May 27, 1940, in which we overruled the motion to dismiss the writ of error, and the order entered July 1, 1940, in which a motion for rehearing thereon was overruled, constituted a final adjudication of the matter and that this court is now without jurisdiction further to consider it or pass upon that phase of the case. The motion to dismiss the writ of error was not sustained but was overruled and the case was retained upon the docket for consideration upon its merits when it was regularly reached and submitted. The order thus entered was, therefore, interlocutory in its nature and not a final judgment. Only final judgments can operate as res adjudicata and only final judgments of the Courts of Civil Appeals may be reviewed by the Supreme Court under Art. 1739, R.C.S.1925. Jones v. Bledsoe, Tex.Civ.App., 293 S.W. 204; Lyon-Taylor Co. v. Johnson, Tex.Civ.App., 195 S.W. 875. If the order entered in this court had sustained the motion to dismiss, it would have been a final judgment because the entire matter in litigation would have been terminated. The law is otherwise, however, where the motion to dismiss the case is overruled and the case retained on the docket for submission and consideration upon the merits. Smith v. Free, 130 Tex. 23, 107 S.W.2d 588, 590.

In the cited case Judge Hickman, speaking for the Supreme Court, said: "By its decree in refusing to affirm on certificate, the court adjudges that it does not terminate the litigation, but leaves the case pending on its docket. Such an order is interlocutory and not a final judgment which this court may review by writ of error. This precise question was set at rest by the

recent decision of this court in Prince v. Guyer [129 Tex. 90], 103 S.W.2d 128."

While the issue being considered by the court in that case was whether or not the order and judgment of the Court of Civil Appeals overruling a motion to affirm on certificate was a final judgment from which a writ or error to the Supreme Court would lie, the principle is not different in any respect from that which is presented here.

From what has been said it is obvious that, in our opinion, defendants in error's motion to dismiss the writ of error is well taken and must be sustained. The opinion handed down by us, and the judgment entered in this court on December 9, 1940, in which the judgment of the court below was reformed and affirmed, will be set aside and withdrawn and this opinion substituted therefor. The motion of defendants in error to dismiss the cause will be granted and the writ of error dismissed.