## DOUGLAS v. DOUGLAS.

### No. 2281.

Court of Civil Appeals of Texas. Eastland.

Oct. 2, 1942.

Rehearing Denied Oct. 30, 1942.

J. S. Kendall, of Munday, for appellant.

M. F. Billingsley, of Munday, for appellee.

GRISSOM, Justice.

Plaintiff, Ida Mae Douglas, recovered judgment against P. C. and Nolan Phillips, Ruby Douglas Foster and husband, A. C. Foster, and Hollis B. Douglas, individually and as administrator of the estate of Mary Munday, deceased, for the amount of cotton rent tendered into court by the tenants of certain farms, to wit, P. C. and Nolan Phillips, and for a portion of the maize stored thereon. All of the defendants, except the Phillips, gave notice of appeal. None of the defendants executed an appeal or supersedeas bond, and although the time within which the record on appeal may be filed in this court has long since expired, no transcript, statement of facts or brief has ever been filed or tendered. Hollis B. Douglas, as administrator of the estate of Mary Munday, deceased, was not required to execute an appeal bond and his notice of appeal perfected the appeal of said administrator. Article 3700, Vernon's Ann.Civ.St.; Hudgins v. Leggett, 84 Tex. 207, 19 S.W. 387; Cole v. Mallory S. S. Co., Tex.Civ.App., 197 S.W. 326.

At a former day of this term Ida Mae Douglas, plaintiff below and appellee here, filed her motion to have the judgment affirmed on certificate, presenting therewith a certified copy of the judgment of the trial court and a certificate of the clerk. The certified copy of the judgment showed notice of appeal by Hollis B. Douglas as administrator of the estate of Mary Munday, deceased, thus showing the perfection of the appeal to this court by said administrator. Appellee's motion to affirm on certificate was granted and such judgment rendered, but thereafter appellant's motion for rehearing was granted, our judgment of affirmance on certificate set aside and the cause set for submission on April 10, 1942. Neither appellee nor appellant appeared on the submission of the cause and no briefs have been filed or tendered for filing and appellant has never filed nor tendered any kind of record. We have again considered the questions presented in appellee's motion to affirm on certificate and the motions for rehearing.

In Klattenhoff v. Shcriever, 131 Tex. 223, 113 S.W.2d 515, the Supreme Court held that where an appellant did not tender the record for filing in the Court of Civil Appeals within the seventy-five days after final judgment, as provided by Article 1839, and appellee filed a motion to affirm on certificate, appellee's right to have such motion granted was absolute. In Jarrell v. Farmers' & Merchants' State Bank, 128 Tex. 332, 99 S.W.2d 281, 282, the Supreme Court in an opinion by Justice Critz said it was settled by a long line of decisions of the Supreme Court that where an appeal is taken and "transcript is not filed in the Court of Civil Appeals within the statutory time, the right of the appellee to have the case affirmed on certificate is absolute, if motion to affirm is filed during the term to which the appeal was returnable, notwithstanding the appellant has abandoned the appeal by filing petition for writ of error and writ of error bond, and has filed transcript in the Court of Civil Appeals before the filing of the motion to affirm on certificate." In Irlbeck v. State, 129 Tex. 608, 609, 106 S.W.2d 262, the Supreme Court said that the last cited case "definitely settled that, when an appellant, after giving notice of appeal and filing appeal bond, fails to timely file transcript in the Court of Civil Appeals and abandons such proceeding, then attempts to prosecute appeal by writ of error, the Court of Civil Appeals shall, upon motion seasonably filed, affirm upon certificate, and dismiss writ of error." In Brown v. Hooks, 117 Tex. 155,

157, 299 S.W. 228, the Supreme Court held that where an appellant failed to file a transcript within the statutory time and the appellee filed a motion for affirmance on certificate, that the failure of the certificate to affirmatively show the jurisdiction of the trial court did not affect the duty of the Court of Civil Appeals to grant the motion to affirm on certificate, citing Dandridge v. Masterson, 105 Tex. 511, 152 S.W. 166. See, also, Chalmers v. Gumm, 137 Tex. 467, 154 S.W.2d 640.

■ In appellant's motion for rehearing it was alleged that the record offered for affirmance on certificate showed on its face that the trial court was without jurisdiction to render the judgment, in that, the court undertook to and did determine that Ida Mae Douglas was the remainderman of I. N. Douglas, deceased, without having before the court the heirs of I. N. Douglas, deceased. Upon reconsideration we have come to the conclusion that the record does not so show. The most that could possibly be said is that the judgment and certificate do not affirmatively show the jurisdiction of the trial court to render the judgment. Such failure to affirmatively show jurisdiction, if any, did not deprive appellee of her right to have the judgment affirmed on certificate. Brown v. Hooks, and Dandridge v. Masterson, supra.

■ A paragraph of the judgment recites: "All costs in this case are hereby taxed against the Defendant, Hollis B. Douglas, individually and as administrator of the Estate of Mrs. Mary Munday, deceased, and Ruby Foster and husband, A. C. Foster, for which execution may issue." Appellant interprets said paragraph as authorizing execution to issue against the administrator, and asserts the proposition that it is fundamental error to authorize the issuance of execution against an administrator; that the judgment should provide that it be "certified to the court in which administration is pending for payment in due course." We recognize the correctness of the general proposition. This judgment was rendered by the court in which the administration was pending. Assuming that said paragraph must be construed as authorizing the issuance of an execution against the administrator and is erroneous, it does not follow that such error "lies at the foundation of the proceeding". Texas & Pacific Railway Company v. Lilly, 118 Tex. 644, 23 S.W.2d 697, 699. Under the authority of the Lilly case we conclude that the recital in the judgment as to the issuance of execution for costs did not constitute "fundamental error".

Article 1837, R.S.1925, repealed by Rules of Civil Procedure (Acts 1939, 46th Legislature, Page 201, § 1) provided that a trial in a Court of Civil Appeals should be on certain records, therein enumerated, none of which are present in this case, and "* * * 7. Or upon an error in law either assigned or *apparent upon the face of the record.*" (Italics ours.) Art. 1841, R.S.1925, provided: "If the appellant or plaintiff in error shall fail to file a transcript of the record, as directed in this chapter, then the appellee or defendant in error may file with the clerk of said court a certificate of the clerk of the district or county court in which such appeal or writ of error may have been taken, attested by the seal of his court, stating the time when and how such appeal was perfected or such citation was served; whereupon the Court of Civil Appeals shall affirm the judgment of the Court below. * * *" Article 1841 was repealed in 1939. Rule of Civil Procedure 387 provides: "(a) If the appellant shall fail to file a transcript of the record in the proper time the appellee may upon motion have the case affirmed on certificate by filing in the appellate court a certified copy of the judgment and a certificate of the clerk of the trial court stating the time when and how such appeal or writ of error was perfected. * * * (c) Affirmance of the judgment on certificate may be had at any time after the right to file the transcript has expired * * *". Since the repeal of Article 1837 we find no grant of authority to a Court of Civil Appeals to reverse a case for fundamental error. See Blackmon v. Trail, Tex.Com. App., 12 S.W.2d 967, 968; Roberson v. Hughes, Tex.Com.App., 231 S.W. 734, 735; Reed v. Thomason, Tex.Civ.App., 241 S.W. 518, 519; Oar v. Davis, 105 Tex. 479, 151 S.W. 794; Panhandle & Santa Fe Ry. Co. v. Burt, Tex.Civ.App., 71 S.W.2d 390, 392; Link v. City of Houston, 94 Tex. 378, 383, 59 S.W. 566, 60 S.W. 664. Errors are now required to be presented by assignments of error or points. Rules C.P. 451, 374. However, it is unnecessary here to decide whether or not we still may reverse a case for fundamental error.

■ Upon reconsideration of said motion we have concluded that appellee's right

to an affirmance of the judgment on certificate was and is absolute. Our former orders are set aside and the judgment of the trial court is affirmed.