**Clyde DUNCAN, Appellant,**

v.

**Eunice DUNCAN, Appellee.**

No. 3786.

Court of Civil Appeals of Texas.

Eastland.

Oct. 4, 1963.

R. E. Murphey, Coleman, Mark Callaway, Brownwood, for appellant.

O'Neal Dendy, San Angelo, for appellee.

GRISSOM, Chief Justice.

On February 15, 1963, we set aside our order permitting the filing of the transcript because the record affirmatively showed appellant could have filed it within sixty days after rendition of the judgment appealed from. We then affirmed the judgment on certificate. By its opinion published in 6 Texas Supreme Court Journal 666, the Supreme Court reversed that judgment and remanded the cause to this court to determine whether appellant's motion for extension of time to file the transcript was timely filed and, if so, whether good cause existed, in the light of its opinion.

(In order that this opinion may be more easily understood, our former opinion is now ordered published.). [See Appendix].

The correspondence in this case, the affidavits of counsel, clerk and deputy clerk reveal the following: That on December 18, 1962, appellant's counsel sent to the clerk of this court the statement of facts and transcript and a check and letter. The letter is dated December 18, 1962. It concluded with the statement that counsel thought that the facts recited were sufficient to authorize the clerk to file the record but, if not, he asked the clerk to so advise him and that he would then present a motion to file the record; that on December 19th, the clerk replied, acknowledging receipt of the transcript and statement of facts, but stating they had not been filed and suggesting that a motion for permission to file the transcript and statement of facts should be filed; that, on December 20th, appellant's counsel wrote the clerk stating that, in accord with the clerk's suggestion, he was enclosing a motion to file the transcript and statement of fact. The affidavits show that said motion was not received by the clerk on December 21st, as it ordinarily would have been, which probably was caused by the Christmas rush in the Post Offices; that the clerk's office was closed on the 22nd and 23rd, Saturday and Sunday, and on December 24th and 25th, Christmas Eve and Christmas Day; that on December 26th, the envelope containing said motion was opened and the deputy clerk then marked said motion "filed" as of that date. There then being no reason apparent for keeping the envelope, it was discarded.

Texas R.C.P. 5, provides that if such a motion is sent to the clerk by first-class United States mail in an envelope properly addressed and stamped and deposited in the mail one day or more before the last day for filing same, and the envelope containing same bears a postmark showing such deposit, the same, if received by the clerk not more than ten days tardily, shall be filed and deemed filed in time. The envelope which contained said motion is not available to show such timely deposit in the mail, as it undoubtedly would have. Under the circumstances, the purpose of the rule should not be defeated and appellant deprived of his appeal by the mere absence of the envelope, for which he is not responsible. It is evident appellant complied with said rule. But for the Christmas rush in Post Offices and the most unusual occurrence of four consecutive holidays said motion would have been received and filed within the time allowed by Rule 386.

The fact that said motion was not physically filed by the deputy clerk until December 26th is not controlling. The motion was evidently in the Post Office at Eastland or it had been delivered to the Clerk's office by

the porter before December 24th. As shown by the affidavit of the deputy clerk, the mail was opened and said motion was marked filed on December 26th. The stamp machine was worn and it did not register the "6" in December 26, whereupon, she immediately wrote the word "6" with a pen. There was no erasure of any date. The pencil notations referred to by the Supreme Court were made by the writer of this opinion while attempting to decide the date the motion was required to be filed and when, under the circumstances, it probably arrived in the Eastland Post Office or the Clerk's Office. In accord with Rule 5, we hold that the motion should be, and it is, deemed filed in time.

In the light of said decision of the Supreme Court, we further hold that good cause did exist.

Our judgment affirming the judgment of the trial court on certificate is set aside.

APPENDIX

Opinion of Feb. 15, 1963. Rehearing

Denied April 5, 1963.

This is an appeal from a judgment rendered on October 10, 1962. The transcript was presented to the clerk of this court for filing on December 19, 1962. This was after expiration of the 60 day period, but within the 15 days thereafter in which Texas R.C.P. 386 provides that a motion may be filed for an extension of time. We shall assume for present purposes that appellant's motion for extension of time to file the transcript and a statement of facts was timely filed. This motion was granted on January 4, 1963. The appellee has filed a motion to set aside our order permitting the filing of the transcript and to affirm on certificate.

The only reason stated by appellant in its motion to file the record out of time is that the court reporter was unable to transcribe the testimony constituting the statement of facts within the time prescribed by the rules. The transcript shows it was delivered to appellant on November 29, 1962. It is thus apparent from the face of the record presented to us that appellant could have filed the transcript within 60 days after rendition of the final judgment appealed from. This 60 day period did not expire until December 10, 1962. Texas R.C.P. 386 provides that an appellant shall file the transcript and statement of facts in the Court of Civil Appeals within 60 days after rendition of final judgment. It provides, however, for an extension of time if a motion is filed within 15 days after expiration of said 60 day period "showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed." It is evident that appellant's motion did not show good cause for his failure to file the transcript within 60 days, that is, by December 10th, since it was delivered to appellant on November 29th.

R.C.P. 371 provides that the record on appeal shall consist of a transcript and, where necessary to an appeal, a statement of facts. R.C.P. 387 provides that "(a) If the appellant shall fail to file a transcript of the record in the proper time the appellee may upon motion have the case affirmed on certificate by filing in the appellate court a certified copy of the judgment and a certificate of the clerk of the trial court stating the time when and how such appeal * * was perfected. (b) If a copy of the bond accompanies such certificate, the judgment shall be affirmed against the sureties thereon."

The appellee filed a motion for affirmance on certificate that strictly conforms to the rule. A copy of appellant's supersedeas bond accompanies the certificate. Timely filing of a transcript is a prerequisite to jurisdiction of this court to pass upon the merits of the appeal. Walker v. Cleere, Tex.Civ.App., 171 S.W.2d 151; 141 Tex. 550, 174 S.W.2d 956; Newsfoto Publishing Co. v. Ezzell, Tex.Civ.App., 320 S.W.2d 711 (Writ Ref.); Armstrong v. West Texas Rig Company, Tex.Civ.App., 339 S.W.2d 69 (Ref. N.R.E.); Massey v. Brindley, Tex.Civ.App., 296 S.W.2d 296 (Writ Ref.). In Cocke v. Birr, 142 Tex. 432, 179 S.W.2d 958,

our Supreme Court held that unless an appellant is entitled to file his transcript under the provisions of Rule 386 "he cannot file it at all." In Klattenhoff v. Schriever, 131 Tex. 223, 113 S.W.2d 515, 516, it was held under a comparable situation that the right of the appellee to have its motion to affirm on certificate granted was absolute. In Matlock v. Matlock, 151 Tex. 308, 249 S.W. 2d 587, 589, it was held that the provision for filing the transcript after expiration of 60 days from rendition of the judgment contained a restriction with respect to what might constitute "good cause" in that it provided that the appellant must show "good cause" why the transcript "could not" have been filed within the 60 day period.

We regret that under the law we cannot consider the appeal on its merits. Our order permitting filing of the transcript was not authorized by the rules and is now set aside. Good cause why it could not have been filed within the 60 day period is not shown. The judgment is affirmed on certificate and judgment rendered against the sureties on appellant's supersedeas bond for the amount of the money judgment with interest.